IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| QUINCY NELSON | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-198 |
| DEBORAH PHILLIPS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Quincy Nelson, a prisoner currently confined at the Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 against Deborah Phillips, Shelly Soutler, Iris Driskell, and Bruce Johnson.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Development of the Factual Basis of the Complaint

Upon initial examination of the original complaint, the court was unable to determine whether Plaintiff's claims have merit. Accordingly, Plaintiff was ordered to file an amended pleading in the form of responses to a questionnaire in order to provide a more detailed factual discussion of his claims. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986); *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976). In preparing this Report and Recommendation, the undersigned considered both Plaintiff's original complaint (ECF No. 1) and his response to the order (ECF No. 50).

Factual Background

On August 26, 2020, Plaintiff alleges Defendant Driskell gave him notice that a disciplinary case had been filed against him. Although the disciplinary infraction allegedly occurred on July 29, 2020, Plaintiff did not receive notice of the disciplinary charge until nearly one month later. Plaintiff alleges the disciplinary hearing was conducted on September 4, 2020, but he was not permitted to attend the hearing. Plaintiff alleges it was the responsibility of his counsel substitute, Defendant Driskell, to make sure that he attended the hearing, but Defendant Driskell failed to ensure that Plaintiff was at the hearing. Plaintiff alleges that Defendant Soutler, also a counsel substitute, stated at the hearing that Plaintiff did not have the right to be at the hearing.

On September 8, 2020, Plaintiff alleges he filed a grievance complaining about being denied access to religion because the chaplain failed to process Plaintiff's notice of a faith change. Plaintiff also claimed that he was denied access to the courts because his grievances were not properly addressed. Plaintiff alleges the grievance was returned to him with a comment that he could not file a grievance for seven days. Plaintiff alleges this was incorrect because he had not filed a grievance during the previous twelve days. Plaintiff alleges that, on another occasion, a grievance was returned to him with an incorrect notation that it was "redundant" because he had allegedly filed a grievance about the same incident. Plaintiff alleges the failure to process his grievances was retaliatory and denied him access to the courts.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

<u>Analysis</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights,

>   privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Denial of Due Process*

Plaintiff contends he was denied due process during a disciplinary proceeding because he did not receive timely notice of the disciplinary charge, he was denied the right to appear at the hearing, and he was unable to present evidence of his innocence.

Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action may result in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). As a general rule, only sanctions that result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, will impose upon a liberty interest. *See Teague v. Quarterman*, 482 F.3d 769, (5th Cir. 2007) (holding that the post-September 1, 1996 mandatory supervision statute creates a constitutional expectancy of release); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding that the mandatory supervision statute in effect prior to September 1, 1996, created a constitutional expectancy of early release for earned good time credits); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997) (stating that there is no constitutional expectancy of release on parole in Texas, but an inmate may have a constitutional expectancy of release on mandatory supervision); *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995) ("Although *Sandin* cites with approval cases in which it was held that state law could create a constitutional liberty interest in

good-time credits, or release on parole, it is difficult to see that any other deprivations in the prison context . . . will henceforth qualify for constitutional 'liberty' status.") (citations omitted).

Plaintiff states that he is not eligible for mandatory supervision. *See Bagby v. Karriker*, 539 F. App'x 468, 469 (5th Cir. 2013) (holding that Plaintiff's claim of a false disciplinary charge was frivolous and failed to state a claim because the punishments imposed did not implicate a liberty interest). Because the disciplinary proceedings did not impose upon a liberty interest, Plaintiff's claim that he was denied due process is frivolous and fails to state a claim upon which relief may be granted.

*Unprocessed Grievances*

Plaintiff contends the defendants failed to process and investigate his grievances. However, failing to investigate an inmate's complaints does not rise to the level of a constitutional violation. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

*Retaliation*

Plaintiff contends he was retaliated against for filing grievances and lawsuits. "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). Retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate must prove: (1) he was exercising a specific constitutional right, (2) the defendant intended to retaliate against the inmate for exercising that right, (3) a retaliatory adverse act, and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Conclusory allegations are insufficient to establish a retaliation claim. *Woods*, 60 F.3d at 1166. The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).

In this case, Plaintiff has not stated a retaliation claim because he has not demonstrated that any of the named defendants took adverse action against him with the intent to retaliate against him. Plaintiff has not alleged any facts showing direct evidence of motivation, and he also failed to allege a chronology of events from which retaliation may be inferred. Therefore, Plaintiff's retaliation claim is frivolous and fails to state a claim upon which relief may be granted.

*Equal Protection*

Without providing further explanation, Plaintiff alleges he was denied equal protection. In order to establish a violation of the Equal Protection Clause, the plaintiff must demonstrate that he was treated differently than other similarly-situated individuals, and that the unequal treatment stemmed from a discriminatory purpose. *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir. 2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

In this case, Plaintiff has not shown that the defendants acted with a discriminatory purpose, that he is a member of an identifiable group, or that he was treated differently than other similarly-

situated individuals. As a result, the equal protection claim is frivolous and does not state a claim upon which relief may be granted.

*Access to Courts*

Prisoners have a right to access to the courts protected by the First Amendment right to petition for redress of grievances, and the Fourteenth Amendment guarantees of procedural and substantive due process. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986). This right can be satisfied through appointed counsel, access to a law library, or access to legally trained para-professionals. *Bounds*, 430 U.S. at 830-31. However, *Bounds* "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Rather, the right of access to the courts requires that inmates be allowed a reasonably adequate opportunity to file non-frivolous cases challenging their convictions and the conditions of their confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355. In order to recover for a denial of access to the courts, an inmate must show that "an actionable claim [involving a challenge to a sentence or conditions of confinement] which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented . . . ." *Id.* at 356; *see also Woodard v. Andrus*, 419 F.3d 348, 354 (5th Cir. 2005) (affirming dismissal of access to courts claim because Plaintiff did not show that the defendant's actions delayed her ability, or deprived her of her right, to avail herself of the legal process).

Plaintiff has not alleged that the actions of any of the named defendants prevented him from pursuing a non-frivolous claim concerning his criminal prosecution or the conditions of his confinement. Therefore, he has failed to state a claim that he was denied access to the courts, and this claim is frivolous.

## Recommendation

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 2nd day of August, 2023.

Zack Hawthorn
United States Magistrate Judge